# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:15-cr-00085-MR-WCM-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| THOMAS BART COCHRAN, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc. 637].

The Defendant, who is represented by counsel, moves the Court for a sentence reduction to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 637]. Alternatively, he seeks a release to home confinement. [Id.].

To the extent that the Defendant seeks a sentence reduction due to "extraordinary and compelling" reasons, the Court will direct the Government to respond to the Defendant's motion within thirty (30) days.

To the extent that the Defendant moves the Court to release him to home confinement, the Defendant's motion is denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General.

See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate.*") (emphasis added). As such, this Court lacks the authority to order the Defendant's release. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original).

2

For these reasons, the Defendant's request for a release to home detention is denied.

**IT IS, THEREFORE, ORDERED** that, to the extent that the Defendant's Motion for Compassionate Release [Doc. 637] seeks a release to home confinement, the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent that the Defendant's Motion for Compassionate Release [Doc. 637] seeks a reduction in sentence to time served, the Motion is hereby **HELD IN ABEYANCE**. The Government shall file a response to the Defendant's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) within thirty (30) days of the entry of this Order

**IT IS SO ORDERED.**

Signed: July 27, 2020

Martin Reidinger
Chief United States District Judge