THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:15-cr-00085-MR-WCM-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THOMAS BART COCHRAN, ) <br> ) <br> Defendant. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc 637]; the Government's Motion to Dismiss [Doc. 641]; and the Government's Motion to File Certain Exhibits under Seal [Doc. 642].

**I.   BACKGROUND**

In December 2016, the Defendant Thomas Bart Cochran was convicted of one count of conspiracy to possess with intent to distribute methamphetamine and was sentenced to 82 months' imprisonment. [Doc. 535]. The Defendant is currently incarcerated at USP McCreary, and his projected release date is July 13, 2021.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited Sept. 11, 2020).

On July 23, 2020, the Defendant, through counsel, filed the present motion, seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or, alternatively, a release to home confinement. [Doc. 637]. For grounds, the Defendant contends that his wife suffers from multiple sclerosis and is currently in a nursing home. The Defendant contends that his wife is at high risk of contracting COVID-19 and that the nursing home has indicated that, in light of this risk, his wife could return home. The Defendant argues that he should be released so that he may care for his wife and their minor child.[2]

The Court denied the Defendant's request for a release to home confinement but ordered the Government to respond to the Defendant's compassionate release request. [Doc. 638]. On August 26, 2020, the Government filed the present motion to dismiss the Defendant's motion without prejudice for failing to present a compassionate release request to the warden of his BOP facility or to otherwise exhaust his administrative remedies with the BOP. [Doc. 641]. The Government also filed a motion for leave to file the Defendant's medical records under seal. [Doc. 642]. The

---

[2] The Defendant does not indicate who currently cares for the Defendant's minor child.

2

Defendant has not responded to the Government's motion to dismiss, and therefore, this matter is now ripe for adjudication.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden before filing a motion for a sentence reduction. Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[3]

---

[3] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the

3

Case 1:15-cr-00085-MR-WCM   Document 645   Filed 09/14/20   Page 3 of 7

In moving to dismiss the Defendant's motion, the Government argues that the Defendant has failed to meet his burden of proof of showing that he has exhausted his administrative remedies at BOP or that 30 days have passed since making such a request. The Defendant asserts in his motion that "upon information and belief," he submitted a request for modification of his sentence to the Warden of USP McCreary on April 11, 2019. [Doc. 637 at 2]. The Defendant, however, provided no documentation or proof to support this allegation. The Government has submitted the Declaration of Christina Kelley of the BOP, who states that the Defendant filed a request for compassionate release in April 2018, citing his wife's diagnosis of multiple sclerosis. The BOP denied this request on the grounds that the Defendant failed to show that he was the only available caregiver for his wife. [Doc. 641-1 at ¶ 7]. Ms. Kelley further states that the BOP has no record in its official Administrative Remedy Program that the Defendant ever made any additional requests for compassionate release citing a change in circumstances since the denial of his 2018 request. [Id. at ¶ 8].

---

Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

As noted above, a defendant's failure to fully pursue his remedies under § 3582(c)(1)(A)(i) precludes the Court from considering the merits of the Defendant's motion. Based on the record presented, the Court finds that the Defendant's current request, citing changed circumstances—namely, that he should be released in order to care for his spouse who suffers from multiple sclerosis and is at high risk of contracting COVID-19 where she is currently being treated—was never presented to the BOP for consideration. As such, the Court cannot grant the requested relief. The Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) therefore must be denied, albeit without prejudice.

The Government's motion to file certain exhibits under seal [Doc. 642] will be granted. Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on August 26, 2020, and such motion has been accessible to the public through

the Court's electronic case filing system since that time.  Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that:

(1) The Government's Motion to File Certain Exhibits under Seal [Doc. 642] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 643] shall be filed under seal and shall remain under seal until further Order of the Court.

(2) The Government's Motion to Dismiss [Doc. 641] is **GRANTED**; and

(3) The Defendant's Motion for Compassionate Release [Doc. 637] is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days

from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: September 14, 2020

Martin Reidinger
Chief United States District Judge